# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1998 SESSION

FILED

July 28, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9710-CC-00421 |
| Appellee, | ) | |
| | ) | CARROLL COUNTY |
| VS. | ) | |
| | ) | HON. JULIAN P. GUINN, |
| DIRK BRADEN CARTER, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Aggravated Assault - Sentencing) |

**FOR THE APPELLANT:**

C. DAVID JONES
P.O. Box 707
150 W. Main Street
Huntingdon, TN 38344-0707

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General and Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

G. ROBERT RADFORD
District Attorney General

ELEANOR CAHILL
Assistant District Attorney General
111 Church Street
P.O. Box 686
Huntingdon, TN 38344-0686

OPINION FILED: _____

AFFIRMED AS MODIFIED

JOE G. RILEY,
JUDGE

## OPINION

The defendant, Dirk Braden Carter, was convicted by a Carroll County jury of aggravated assault, a Class C felony. He received a sentence of three (3) years as a Range I, standard offender. The trial court ordered that defendant serve six (6) months in confinement, with the remainder of defendant's sentence to be served on supervised probation. The trial court further ordered that defendant be prohibited from entering the State of Tennessee during his probationary period. On appeal, defendant claims that the trial court erred in (1) failing to sentence him as an especially mitigated offender, and (2) ordering that defendant serve six (6) months in confinement. We find that the trial court erroneously prohibited defendant from returning to Tennessee during his probationary period; therefore, the judgment is modified to delete this provision. In all other respects, the judgment of the trial court is affirmed.

## FACTS

On May 3, 1996, defendant, a college student living in Texas, was visiting his father in Carroll County. That evening defendant joined his father at the Carroll Lake Country Club. Defendant's father, Harold "Chick" Carter, frequented the bar and was a known alcoholic. As the evening progressed, "Chick" Carter became increasingly intoxicated and made rude and derogatory comments towards others in the bar.

"Chick" began cursing Todd Walker and Kelly Hastings, patrons of the bar. The victim, Richard Glen Burns, was sitting with Walker and Hastings at that time and walked over to defendant and his father to try and calm "Chick" Carter. Burns placed his hand on the back of "Chick" Carter's chair and asked that he refrain from using such language. Defendant then stated, "keep your hands off my father." Burns told defendant that he did not want any trouble. Defendant then grabbed Burns and bit down on Burns' nose, biting off part of his nose. Defendant and his

2

father were then thrown out of the Carroll Lake Country Club, and defendant was subsequently arrested. Burns' injury required extensive medical treatment.

At the time of trial, defendant was twenty-eight (28) years old and had no prior criminal convictions. He was receiving counseling because of his father's alcoholism and as a result of the present offense.

In determining defendant's sentence, the trial court found one enhancement factor applicable, that the personal injuries inflicted upon the victim were particularly great. Tenn. Code Ann. § 40-35-114(6). The trial court found no specific statutory mitigating factors to apply, but found in mitigation that defendant had no prior record, was undergoing counseling, was attending college, was working and had strong family support. *See* Tenn. Code Ann. § 40-35-113(13). The trial court, therefore, imposed the minimum sentence of three (3) years as a Range I, standard offender. The trial court next considered alternative sentencing as required by statute. However, the trial court found that a period of incarceration was warranted considering the inexplicable and extreme nature of the offense committed. As a result, defendant was ordered to serve six (6) months in confinement, with the remainder of his sentence to be served on supervised probation. Defendant now brings this appeal as of right.

## STANDARD OF REVIEW

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments.

In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

## ESPECIALLY MITIGATED OFFENDER

In his first issue, defendant contends that the trial court erred in sentencing him as a standard offender. He argues that the trial court erroneously applied Tenn. Code Ann. § 40-35-114(6), that the victim's injuries were particularly great, because this enhancement factor is inherent in the offense of aggravated assault. Therefore, because the trial court found applicable mitigating factors, he insists that the trial court abused its discretion in failing to sentence him as an especially mitigated offender.

Tenn. Code Ann. § 40-35-109(a) provides that a trial court "may find the defendant is an especially mitigated offender, if: (1) [t]he defendant has no prior felony convictions; and (2) [t]he court finds mitigating, but no enhancement factors." However, whether a defendant is sentenced as an especially mitigated offender is a determination that rests within the sound discretion of the trial court. State v. Hicks, 868 S.W.2d 729, 730-31 (Tenn. Crim. App. 1993); State v. Braden, 867 S.W.2d 750, 762-63 (Tenn. Crim. App. 1993). This provision is not mandatory. Braden, 867 S.W.2d at 762-63. Indeed, especially mitigated status is reserved for "instances where the trial judge may desire to depart from even the minimum sentence for a Range I offender and impose lesser penalties." Tenn. Code Ann. § 40-35-109, Sentencing Commission Comments.

The state concedes that the trial court misapplied Tenn. Code Ann. § 40-35-114(6), as it is inherent in the offense of aggravated assault as a result of serious bodily injury. We agree. See State v. Jones, 883 S.W.2d 597, 602 (Tenn. 1994).

However, upon our *de novo* review of the record, we find that another enhancement factor would apply in this case. Defendant admitted in the pre-sentence report that he had used marijuana in the past, evidencing past criminal behavior. *See* Tenn. Code Ann. § 40-35-114(1). While this factor would be given little weight to enhance defendant's sentence, it is an enhancement factor and is certainly relevant in determining whether a defendant should be sentenced as an especially mitigated offender.

Furthermore, considering the nature, facts and circumstances of the offense, we find that the trial court did not abuse its discretion in refusing to sentence defendant as an especially mitigated offender.

This issue is without merit.

## **PROBATION**

Defendant next argues that the trial court erred in failing to grant total probation. He claims that a six (6) month period of incarceration is unwarranted in this case due to his lack of prior record, his good work and social history and his favorable potential for rehabilitation. He, therefore, contends that the trial court should have granted full probation or, in the alternative, a lesser period of confinement.

## **A.**

An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). A trial court must presume that a defendant sentenced to eight years or less and who is not an offender for whom incarceration is a priority is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. Id. at 380. However, although a defendant may be presumed to be a favorable candidate for

alternative sentencing, the defendant has the burden of establishing suitability for total probation. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996); *see* Tenn. Code Ann. § 40-35-303(b). Even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b) Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997).

**B.**

In denying a sentence of total probation, the trial court noted that defendant committed a brutal act with little provocation or explanation. The trial court determined that the best interest of the public and the defendant would not be served by a sentence of full probation. The trial court then concluded that an incarceration period of six (6) months was necessary to avoid depreciating the seriousness of the offense.

At the time of the sentencing hearing, the victim had undergone five surgeries as a result of his injury. Because the initial reattachment of his nose was unsuccessful, the victim's nose is disfigured. He is also suffering from emotional

6

trauma due to the notoriety of this incident in his hometown.

Alternative sentencing may be denied solely on the nature of the offense if the offense is "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree," and the nature of the offense outweighs all factors favoring a sentence other than confinement. State v. Leggs, 955 S.W.2d 845, 851 (Tenn. Crim. App. 1997) (citations omitted).

The record before this Court supports the trial court's decision that a six (6) month period of incarceration was warranted to avoid depreciating the seriousness of the offense. The defendant bit off a portion of the victim's nose in response to seemingly little to no provocation. We find this offense to be reprehensible and of an excessive degree to justify a limited period of incarceration. Defendant has not met his burden of establishing that he is entitled to total probation.

This issue is without merit.


## C.

This Court notes that the trial court ordered that defendant would be prohibited from returning to the State of Tennessee during his probationary period. We find this to be an inappropriate condition of probation, especially considering defendant's family ties in Tennessee. We, therefore, order that defendant's judgment be modified to delete this provision as a condition of probation.


## CONCLUSION


We find that the trial court did not abuse its discretion in sentencing defendant as a Range I, standard offender. Moreover, an incarceration period of six (6) months is supported by the record. Accordingly, the judgment of the trial court is affirmed as modified to delete the provision prohibiting defendant from returning to Tennessee.

_____
**JOE G. RILEY, JUDGE**


**CONCUR:**

8

_____
**PAUL G. SUMMERS, JUDGE**


_____
**DAVID H. WELLES, JUDGE**